## MATTER OF BASS

### In Section 212(e) Proceedings

### A-14107492

*Decided by District Director January 25, 1966*

An exchange visitor attorney from Brazil is granted a waiver of the foreign residence requirement of section 212(e), Immigration and Nationality Act, as amended, since compliance therewith would result in exceptional hardship to her U.S. citizen spouse, also an attorney, who would be unable to earn a livelihood in his profession if he accompanied her abroad and who, bearing the responsibility of repaying educational loans and discharging accumulated doctor bills resulting from his wife's illness, is not financially capable of maintaining two households if she is required to depart without him; in addition, even if applicant, who suffered an attack of cerebral meningitis in 1964, were physically able to engage in her profession, it would be unreasonable to presume she could acquire sufficient clientele to maintain herself in Brazil for a two-year period, as she has never practiced law there.

**Discussion:** The applicant, Mrs. Vilma Bass, a 26-year-old attorney, is a native and citizen of Brazil. She was admitted to the United States as an exchange visitor on August 12, 1963, to complete studies toward a master of comparative law degree sponsored by Southern Methodist University, Dallas, Texas, under Exchange Visitor Program No. P-I-2970. After participating in the program for a period of twelve months, she suffered an attack of cerebral meningitis and could not continue her studies. She married a United States citizen on January 16, 1965, and presently resides with him in Dallas. She filed an application for waiver of the foreign residence requirement of section 212(e) of the Immigration and Nationality Act on April 21, 1965.

Mrs. Bass not only alleges that compliance with the foreign residence requirement would result in exceptional hardship to her husband should he accompany her abroad, but also were he to remain in the United States while she fulfills her commitment as a former exchange visitor. The husband, a recent law school graduate, is employed as an attorney in a local bank and earns approximately $5,800

a year after taxes. If he went to Brazil, he would have to abandon his law practice as he does not speak Portuguese and is not familiar with Brazilian law. He would, therefore, be unable to earn a livelihood in his profession in Brazil. He is not financially capable of maintaining two households if his wife is required to depart without him. The applicant has been unable to contribute financially to their household since her illness. Thus her husband is burdened with the added responsibility of paying her accumulated doctor bills caused by the attack of cerebral meningitis. Additionally, he is repaying a bank loan and a National Defense Student loan which he obtained to finance his education. Because she has never practiced law in Brazil, it would be unreasonable to presume the applicant could acquire sufficient clientele in her profession to maintain herself there for a two-year period, even if she were physically able to engage in her profession. The debts incurred because of her illness and money borrowed to finance her husband's law education have resulted in the couple not being able to accumulate any financial reserve.

In view of the foregoing, it has been determined that the applicant's compliance with the foreign residence requirement would impose exceptional hardship upon her United States citizen spouse. The Department of State has reviewed this matter and recommends the waiver be granted.

**ORDER:** It is ordered that the application of Mrs. Vilma Alves Bass for a waiver of the two-year foreign residence requirement under section 212(e) of the Immigration and Nationality Act be and the same is hereby granted.